992 F.2d 1222
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 In re the MARRIAGE of Cheryl Denise BRASFIELD, Petitioner-Appellee,
and
Tony Lynn Brasfield, Respondent-Appellant.
 Nos. 92-3422, 92-3434.
 United States Court of Appeals, Tenth Circuit.
 April 27, 1993.
 
 Before LOGAN, SEYMOUR and MOORE, Circuit Judges.
 ORDER AND JUDGMENT*
 PER CURIAM.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of these appeals. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cases are therefore ordered submitted without oral argument.
 
 
 2
 These are appeals from two orders and a judgment of the district court which collectively purport to dismiss a removed action and deny respondent-appellant's application to proceed in forma pauperis on appeal. The matter is before the court on respondent's motion to stay certain state court proceedings.
 
 
 3
 It appears that respondent is a party to a proceeding for dissolution of marriage now pending in the district court of Reno County, Kansas. It further appears that shortly after commencement of those proceedings, respondent filed, in the United States District Court for the District of Kansas, papers by which he sought removal of the state action and leave to proceed in forma pauperis. From the record, it appears that removal was effective.
 
 
 4
 By an order entered November 19, 1992, the district court concluded that it lacked jurisdiction and amended an earlier order "... to allow the plaintiff to file his complaint in forma pauperis and to dismiss the case as frivolous." (emphasis supplied).
 
 
 5
 While the district court's ultimate jurisdictional conclusion was correct, there was no order of remand, explicit or otherwise. The district court's ostensible dismissal of a removal proceeding was inconsistent with the removal statute. Whenever the district court lacks jurisdiction, the case must be remanded. There must be full compliance with 28 U.S.C. § 1447(c) in order to avoid uncertainties regarding the jurisdiction of the state court to proceed.
 
 
 6
 We therefore vacate the orders and judgment appealed from and remand the underlying matter to the district court with instructions to enter an order, nunc pro tunc to November 2, 1992, remanding the removed case.
 
 
 7
 Accordingly, it is ordered as follows: 1) respondent may proceed without prepayment of costs or fees on appeal; 2) the motion for stay of state court proceedings is denied as moot; 3) the orders and judgment appealed from are vacated; 4) the matter is remanded to the district court with instructions; and 5) the mandates shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3